IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MONICA L. BUTLER,                                    )
                                                     )
            Plaintiff,                               )      **JURY TRIAL DEMANDED**
                                                     )      Case No.
vs.                                                  )
                                                     )
SSM HEALTH CARE CORPORATION,                         )
a/k/a SSM Health and SSM DEPAUL HOSPITAL-            )
ST. LOUIS and DePAUL HOSPITAL-ST. LOUIS,             )
a Missouri Corporation,                              )
                                                     )
            Defendant.                               )

## COMPLAINT

This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.

Section 2000 *et seq.*, as amended, and Missouri Revised Statutes (RSMo) § 213.010 *et.*

*seq.* for relief for unlawful employment practices committed by the Defendant against

Plaintiff, Monica L. Butler, because of her sex, female, and race, African-American. For her

cause of action Plaintiff states:

### JURISDICTION

1. Plaintiff's claim arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000 *et seq.*, as amended (Title VII). This Court has jurisdiction of this action under the

laws of the United States, in particular 42 U.S.C. § 2000e-5 (f) (Title VII of the Civil Rights

Act of 1964) and 28 U.S.C. §§ 1331 and 1343 (3) and (4).

2. Plaintiff filed a timely charge of discrimination with the Equal Employment

Opportunity Commission, St. Louis District Office, and simultaneously with the Missouri

Commission on Human Rights on May 11, 2016 alleging discrimination based on sex and race. This action was commenced was within ninety (90) days of Plaintiff's receipt of a notice of right to sue on each of the aforementioned charges of discrimination from the Equal Employment Opportunity Commission dated May 17, 2016 and within ninety days of receipt of the notice of right to sue issued by the Missouri Commission on Human Rights dated August 2, 2016.  Plaintiff has, accordingly, satisfied the jurisdictional requirements and all conditions precedent to the institution of this action have been fulfilled.

PARTIES

3.  Plaintiff is a female citizen of the United States and the State of Missouri of African American descent, presently residing in the County of St. Louis, Missouri, within the Eastern District of Missouri.

4.  SSM Health Care Corporation, a/k/a SSM Health  and SSM DePaul Hospital-St. Louis, is a corporation organized and existing under the laws of the State of Missouri, is authorized to do business in, and does business in the state of Missouri.  At all times herein pertinent, Defendant  maintained and operated health care facility known as DePaul Hospital-St.Louis located at 12303 DePaul Hospital Drive, St. Louis, (Bridgeton) MO  63044.

5.  At all times herein pertinent, Defendant was an employer as defined in § 701 (b) of Title VII, 42 U.S.C. § 2000e, and has, and is engaged in commerce and in an industry affecting interstate commerce within the meaning of Title VII.  Defendant is engaged in the business of providing health care services.

2

6. Plaintiff's occupation is Registered Nurse. At all times herein pertinent Plaintiff was, and is now employed by Defendant in the position of Team Leader, Nursing.

7. At all times herein pertinent Plaintiff has reported to, and does now report to, Defendant's Clinical Director, Elizabeth Phillips.

COUNT I - TITLE VII

8. Plaintiff has been subjected repeatedly to unwanted, unwelcome sexual harassment by Defendant's Clinical Director Elizabeth Phillips while on the job during work hours and, on one occasion, while off the premises of DePaul Hospital, including, but not limited to the following acts:

A. On or about April 13, 2016, in the presence of two other employees, Clinical Director Phillips, without Plaintiff's consent, put both arms around Plaintiff's waist and pulled Plaintiff, who was standing at the time, onto Phillip's lap and stated, "What do you want from Santa, little girl,?" Plaintiff resisted this offensive touching and removed herself from Phillip's lap, causing Phillips to strike her left elbow. Phillips then requested that Plaintiff kiss her elbow to "make it feel better";

B. In March 2016, Clinical Director Phillips stated to Plaintiff, "Will you be my b - - ch for two weeks."

9. Plaintiff reported and complained forthwith about Phillip's behavior on April 13, 2016 to a representative of Defendant's Human Resources at DePaul Hospital, to Phillips' superiors and to the President of DePaul Hospital.

10. Notwithstanding Defendant being notified of Phillips' unlawful acts of

3

harassment described above, and other harassment by Phillips, Defendant has failed to take proper, timely and sufficient corrective action towards Phillips, in accordance with its express policy to ensure that all employees have a workplace free of discrimination and harassment, with the result that the unlawful harassment has continued.  Phillips continues to give Plaintiff undue, unwelcome, offensive attention and to make comments of a personal, sexual nature.

11.  Plaintiff is the only person who is a member of a minority group, African-American, who reports to Clinical Director Phillips whom Defendant has allowed to be subjected to such unlawful harassment.  Defendant's failure to take proper, timely and sufficient action to ensure that the work environment is, and remains, free of unlawful harassment to which Plaintiff has been subjected, whereas other employees reporting to Phillips were not allowed to be subjected to such harassment, constitutes unlawful disparate treatment based on Plaintiff's race.  Plaintiff was, thereby, subjected to differential terms and conditions of employment based on her race.

12. The actions of Defendant's employee Elizabeth Phillips and Defendant's actions and omissions in failing to take appropriate remedial action with respect to the sexual harassment of Plaintiff constitutes discrimination against Plaintiff because of her sex, female, and her race, African-American, as set forth hereinabove, in violation of Title VII. In committing these unlawful acts, Defendant acted maliciously, intentionally, wantonly, and with reckless disregard for the rights of Plaintiff.

13.  As a direct and proximate result of Defendant's aforementioned unlawful acts,

Plaintiff has been, and is now, suffering harm and damage, including but not limited to, significant emotional distress, humiliation, embarrassment and mental anguish.

14.  Plaintiff has incurred and continues to incur attorney's fees and costs in connection with this matter.

15.  Defendant's acts were willful and malicious, and reflect a wanton disregard for the rights of Plaintiff, thereby warranting the imposition of punitive damages.

COUNT II
MISSOURI HUMAN RIGHTS ACT CLAIM

16.  Plaintiff realleges and incorporates by reference the allegations contained within paragraphs 2 through 4, 6 through 11, and 13 through 15 above, and further alleges as follows:

17.  This claim is brought pursuant to the Missouri Human Rights Act, RSMo § 213 *et. seq.* The conduct of Defendant set forth in paragraphs 8 through 11 above constitute unlawful employment practices in violation of § 213.055 of the Missouri Human Rights Act.

18.  Plaintiff's sex, female, and race, African-American, were contributing factors to Defendants unlawful acts as set forth hereinabove.

19.  As a direct and proximate result of the acts committed by the Defendant set forth hereinabove, Plaintiff has suffered emotional distress and mental anguish, all to her general damage.

20.  The acts committed by Defendant as set forth in paragraphs 8 through 11 above

were willful in that Defendant knew or showed reckless disregard for Plaintiff's rights, thereby warranting the imposition of punitive damages.

WHEREFORE, Plaintiff prays on both counts:

(1) For a finding that Defendant has discriminated against Plaintiff in violation of her rights as alleged herein;

(2) For a permanent injunction restraining and enjoining Defendant, its employees, agents and representatives from discriminating against Plaintiff as alleged herein;

(3) For an order directing Defendant to take the appropriate remedial action regarding the sexual harassment to which Plaintiff has been subjected;

(4) For a judgment for Plaintiff and against Defendant for any pecuniary loss or damage suffered by Plaintiff, with prejudgment interest, as a result of Defendant's conduct;

(5) For an award of compensatory damages to compensate Plaintiff for the mental anguish and emotional distress and suffering Plaintiff has endured as a result of Defendant's discriminatory actions towards Plaintiff;

(6) For an award to Plaintiff of punitive damages in an amount to be determined at trial to properly penalize Defendant for its misconduct and to deter such wrongdoing in the future;

(7) For an award to Plaintiff of all costs and expenses incurred in this action and attorney's fees; and,

(8) For any other relief that this Court may deem just and proper;

(9) A TRIAL BY JURY IS DEMANDED.

Melvin L. Raymond USDC #28349MO
4387 Laclede Ave., Suite A
St. Louis, Missouri 63108
Telephone:  (314) 534-2800
Facsimile:  (314) 534-0803
E-mail:  mrayamondattorney@sbcglobal.net

Attorney for Plaintiff